BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 14712
**MAINOR WIRTH, LLP**
6018 S. Ft. Apache Rd., Ste. 150
Las Vegas, Nevada 89148
Phone: (702) 464-5000
Fax: (702) 463-4440
ash@mwinjury.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SARAH ELIZABETH ALEXANDER, an individual; ROBERT ROY ALEXANDER, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> COSTCO WHOLESALE CORPORATION dba Costco, a Foreign Corporation; VALLEY CONTAX INC., DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive, <br><br> Defendants. | Case No.: 2:21-cv-00509-APG-VCF <br><br> **STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **(FOURTH REQUEST)** |

Defendants Valley Contax Inc., by and through their counsel of record Alan W. Westbrook, Esq. of Perry & Westbrook, A Professional Law Firm, and Plaintiffs Sarah Elizabeth Alexander (referred to herein as "Mrs. Alexander") and Robert Roy Alexander (referred to herein as "Mr. Alexander"), by and through counsel, Bradley Mainor, Esq. and Ash Marie Blackburn, Esq. of the Mainor Wirth law firm, and Defendants, Costco Wholesale Corporation (hereinafter

referred to as "Costco"), by through counsel, Edgar Carranza, Esq. of the law firm Messner Reeves LLP, hereby submit the instant stipulation and order to extend the Discovery Plan and Scheduling Order (Fourth Request) pursuant to Local Rule II 26-4 as follows:

## I.   GOOD CAUSE SUPPORTING THE EXTENSION.

The parties come to this Court seeking a fourth extension of the Discovery Plan and Scheduling Order governing this complicated product liability/personal injury case. The parties have diligently moved this case forward but additional discovery remains to be completed which warrants the requested extension. The parties attempts to meet the current deadlines have been complicated by a medical provider's ability to produce complete records and COVID, as thoroughly addressed below.

### A.   SUMMARY OF EFFORTS THUS FAR.

As this Court is well aware, this lawsuit involves allegations that Plaintiff, Sarah Elizabeth Alexander (referred to herein as "Mrs. Alexander") suffered serious injuries to her eye after wearing prescription contact lenses, which were distributed by Valley Contax and purchased from Costco, as the result of an unspecified defect with the lenses.

On October 28, 2021, Plaintiffs filed their Complaint against Costco and Valley Contax with the Eighth Judicial District Court for Clark County, Nevada. On February 17, 2021, Costco filed its Answer denying Plaintiffs' allegations and denying all liability for the injuries. On February 18, 2021, Valley Contax filed its Answer denying Plaintiffs' allegations and denying all liability for the injuries claim.

On March 9, 2021, Plaintiffs filed their Request for Exemption from Arbitration in which they outlined their claimed injuries and alleged damages. On March 29, 2021, Costco filed its Notice of Removal and removed the matter to this Court based on diversity jurisdiction. On April 13, 2021, Costco filed its Statement Regarding Removal. The parties participated in the Fed. R. Civ. P. 26(f) conference on April 14, 2021, and filed their proposed Joint Discovery Plan and Scheduling Order which was entered by this Court on April 28, 2021.

On April 28, 2021, Plaintiff served their Initial Disclosure of Witness and Production of Documents Pursuant to FRCP 26(a)(1). On May 10, 2021, Defendant Costco served their Initial Disclosure of Witness and Production of Documents Pursuant to FRCP 26(a)(1). On June 10, 2021, Defendant Valley Contax served their Initial Disclosure of Witness and Production of Documents Pursuant to FRCP 26(a)(1). Parties have exchange their respective Fed. R. Civ. P. 26 Disclosures. In the interim, the parties have been engaged in discovery. The parties served a first set of written discovery requests to each other some of which have been responded to. At the same time, Plaintiffs' medical records are being secured independently directly from the health care providers. As they are being produced, supplemental disclosures are being served to provide the records to all parties.

Plaintiffs deposed Karen Crawford (Optical Manager) on January 19, 2022, Aaron Whitaker (Optician at Costco) on January 25, 2022, Max Ramos (General Manager at Costco) on June 9, 2022, Edgar Retana (Security Assurance Manager of Dynatec Laboratories) on July 12, 2022, Robert Ahern (FRCP 30(b)(6) witness for Valley Contax) on October 17, 2022, and Leisha Crawford (FRCP 30(b)(6) witness for Costco) on December 6, 2022.

Mrs. Alexander's deposition went forward on July 1, 2022. Mr. Alexander's deposition was also set to take place on July 1, 2022 but had to be continued due to the length of Mrs. Alexander's deposition. The parties have rescheduled Mr. Alexander's deposition to take place on December 14, 2022.

An inspection of the right contact lens at issue in the matter was conducted on September 26, 2022, near San Francisco, California. Plaintiff's counsel is personally delivered the subject contact lens to Defendant's expert. Destructive testing may also be necessary at a future inspection.

Plaintiff's treating physician and retained expert, Dr. Eric Brooker, was also deposed on September 28, 2022. During the deposition, Defense counsel identified additional medical records that had not been disclosed and requested that Dr. Brooker's deposition be continued.

Unfortunately, due to several personal issues in Dr. Brooker's life, all parties had difficulty obtaining the additional records from his office. When his continued deposition was set to go forward on November 2, 2022, Mr. Westbrook, counsel for Valley Contax, was suffering from COVID and had to cancel the deposition. The parties actively attempted to reschedule Dr. Brooker's deposition before it was unilaterally set by Defendant Valley Contax on December 21, 2022 in light of the expert deadline on January 4, 2023. Unfortunately, Plaintiff's counsel is already scheduled to be out of town for the holiday on December 21, 2022 and the parties have agreed to schedule the deposition on a mutually available date for all parties and the witness on January 6, 2023. This deposition is imperative for the production of expert reports, as Dr. Brooker was the first person to allege a defect of the subject contact lenses. He is also the only individual, aside from Plaintiff, who inspected the left contact lens at issue before it was destroyed. All parties agree that Dr. Brooker's deposition must go forward before the production of expert reports to better understand the nature of Plaintiff's allegations. Given that his deposition is set to take place two days after the current expert deadline, an extension is warranted. The parties also anticipate taking depositions of some or all experts following their designations.

Lastly, the parties have agreed to submit this matter to a private mediation with Judge Jennifer Togliatti (Ret.) The parties are in the process of scheduling the same in February or March 2023.

### B.    GOOD CAUSE.

The shut down and subsequent limitations brought on by the COVID 19 pandemic initial led to some delays in the parties' respective ability to participate in the deposition process. In addition, counsel for Plaintiffs also was temporarily unavailable due to her maternity and the subsequent new addition to her family.

Since those initial delays, the parties have diligently deposed the parties and witnesses involved. They actively worked together to schedule an out-of-state inspection, have hired experts, and are gathering evidence to disclose their reports. Depositions of Robert Alexander and the

experts still need to take place, despite the parties' active attempts to complete the same. This discovery has not been completed due to matters outside of the parties' control, such as COVID and personal dilemmas of Dr. Brooker. The parties agree Dr. Brooker's deposition is necessary before the production of expert reports and his deposition is currently set to go forward two days after the expert deadline, warranting an extension.

Moreover, this is a significant personal injury matter that has and will continue to require significant effort by both parties. Plaintiff has already identified significant past medical expenses, unknown future medical expenses estimated to amount to $100,000, loss of enjoyment of life in the amount of $1,000,000, past pain and suffering in the amount of $1,500,000 and future pain and suffering in the amount of $2,500,000, to name some of the damage components identified thus far. Significant effort will be required to address each of the damage components, and the liability portion of this case.

The parties have agreed to submit this matter for private mediation with Judge Jennifer Togliatti (Ret.) in February or March of 2023, further warranting an extension of the discovery deadlines.

## II.   DISCOVERY COMPLETED TO DATE.

In accordance with LR II 26-4(a), the Parties provide the following statement of discovery completed to date:

A. Plaintiff's Discovery.

1. Plaintiffs' FRCP 26 initial disclosures served 04-20-21.

2. Plaintiffs' First Supplement to FRCP 26 initial disclosures served on 07-20-21.

3. Plaintiff, Sarah Alexander's Answers to Costco's First Set of Interrogatories served on 07-23-21.

4. Plaintiff, Sarah Alexander's Responses to Costco's Request for Production served on 07-23-21.

5. Plaintiff, Robert Roy Alexander's Answers to Costco's First Set of Interrogatories served on 07-23-21.

6. Plaintiff, Robert Roy Alexander's Responses to Costco's Request for Production served on 07-23-21.

7. Plaintiffs' Second Supplement to FRCP 26 initial disclosures served on 08-25-21.

8. Plaintiffs' Third Supplement to FRCP 26 initial disclosures served on 09-02-21.

9. Plaintiffs' First Set of Requests for Production to Valley Contax served on 11-15-21.

10. Plaintiff's First Set of Interrogatories to Defendant Valley Contax, served on 11-16-21.

11. Plaintiffs' Fourth Supplement to FRCP 26 initial disclosures served on 11-22-21.

11. Plaintiffs' First Set of Interrogatories to Costco served on 11-23.21.

12. Plaintiff's Fifth Supplement to FRCP 26 initial disclosures served on 12-10-21.

13. Plaintiff noticed the deposition of Aaron Whitaker on 12-14-21.

14. Plaintiff noticed the deposition of Karen Crawford on 12-14-21.

15. Plaintiff Answers to Defendant Valley Contax's First Set of Interrogatories served on 2-18-22.

16. Plaintiff Responses to Defendant Valley Contax's First Set of Production of Documents served on 2-18-22.

17. Plaintiff Responses to Defendant Valley Contax's First Set of Request for Admissions served on 2-18-22.

18. Plaintiff noticed the deposition of Max Ramos on 4-11-22.

PAGE **6** OF **12**

18. Plaintiffs' Sixth Supplement to FRCP 26 initial disclosures served on 5-23-22.

20. Plaintiff noticed the deposition of Robert Ahern on 6-8-22.

21. Plaintiff noticed the deposition of Edgar Retana on 6-9-22.

22. Plaintiff amended the noticed deposition of Robert Ahern on 6-17-22.

23. Plaintiff amended the noticed deposition of Edgar Retana on 6-20-22.

24. Plaintiff vacated the noticed deposition of Robert Ahern on 6-22-22.

25. Plaintiffs' Seventh Supplement to FRCP 26 initial disclosures served on 6-22-22.

26. Plaintiffs' Eighth Supplement to FRCP 26 initial disclosures served on 6-30-22.

27. Plaintiff's First Set of Requests for Production of Documents to Defendant Costco served on 7-7-22.

28. Plaintiffs' Ninth Supplement to FRCP 26 initial disclosures served on 8-18-22.

29. Plaintiffs' Tenth Supplement to FRCP 26 initial disclosures served on 9-9-22.

30. Plaintiffs' counsel traveled to Pleasanton, CA on September 26, 2022 to deliver the right contact lens at issue in this matter to Defendants' expert for inspection.

31. Plaintiffs noticed the deposition of Robert Ahern, Valley Contax' FRCP 30(b)(6) witness on October 14, 2022.

32. Plaintiffs noticed the deposition of Costco's FRCP 30(b)(6) witness on November 1, 2022.

B. Costco's Discovery.

1. Costco's FRCP 26 initial disclosures served 05-10-21.

2. Costco's First Set of Interrogatories to Plaintiff, Robert Roy Alexander

PAGE **7** OF **12**

served 05-12-21.

3. Costco's First Set of Requests for Production to Plaintiff, Robert Roy Alexander served 05-12-21.

4. Costco's First Set of Interrogatories to Plaintiff, Sarah Alexander served 05-12-21.

5. Costco's First Set of Requests for Production to Plaintiff, Sarah Alexander served 05-12-21.

6. Custodian of records depositions were set for various health care providers on 08-17-21.

7. Costco's First Supplement to FRCP 26 disclosures served on 10-04-21.

8. Costco's Answers to First Set of Interrogatories from Plaintiff, served on 1-14-22.

9. Costco's Second Supplement to FRCP 26 disclosures served on 11-2-2022.

C. Valley Contax's Discovery.

1. Valley Contax's FRCP 26 initial disclosures served on June 9, 2021.

2. Valley Contax's First Set of Interrogatories to Plaintiff, Sarah Alexander on 12-30-21.

3. Valley Contax's Request for Production of Documents to Plaintiff, Sarah Alexander on 12-30-21.

4. Valley Contax's Request for Admissions to Plaintiff, Sarah Alexander on 12-30-21.

5. Valley Contax's First Supplement to FRCP 26 initial disclosures served on 1-28-22.

6. Valley Contax's Answers to Plaintiff Sarah Alexander's First Set of Interrogatories, served on 1-31-22.

7. Valley Contax's Responses to Plaintiff Sarah Alexander's First Set of Request

for Production of Documents, served on 1-31-22.

8. Valley Contax Second Supplement to FRCP 26 initial disclosures served on 2-11-22.

9. Valley Contax's Third Supplement to FRCP 26 initial disclosures served on 5-19-22.

10. Valley Contax noticed the deposition of Mr. Alexander on 6-16-22.

11. Valley Contax noticed the deposition of Mrs. Alexander on 6-16-22.

12. Valley Contax's Fourth Supplement to FRCP 26 initial disclosures served on 6-29-22.

13. Valley Contax's Fifth Supplement to FRCP 26 initial disclosures served on 7-22-22.

14. Valley Contax noticed the deposition of Dr. Eric Brooker on 7-29-22.

15. Valley Contax noticed the deposition of Dr. Eric Brooker again on September 7, 13, 14, and 23, 2022. The deposition ultimately went forward on September 28, 2022.

16. Valley Contax's Sixth Supplement to FRCP 26 initial disclosures served on 10-3-22.

17. Valley Contax's Supplemental Responses to Plaintiff's 1st and 2nd Requests for Production on 10-3-2022.

18. Valley Contax noticed the deposition of Robert Alexander on October 27, 2022 to take place on December 17, 2022.

19. Valley Contax's Seventh Supplement to FRCP 26 initial disclosures served on 10-28-22.

20. Valley Contax noticed the continued deposition of Dr. Eric Brooker on September 30, 2022, but vacated the deposition on November 2, 2022, due to the noticing counsel suffering from COVID.

21. Valley Contax's Eighth Supplement to FRCP 26 initial disclosures served on 11-29-22.

22. Valley Contax's Ninth Supplement to FRCP 26 initial disclosures served on 11-30-22.

23. Valley Contax unilaterally noticed the continued deposition of Dr. Brooker on November 23, 2022 to take place on December 21, 2022, but is in the process of re-noticing the same for January 6, 2023, a mutually agreeable date for all parties and the witness.

## III.   DISCOVERY REMAINING TO BE COMPLETED.

In accordance with LR II 26-4(b), the Parties provide the following statement of discovery remaining to be completed:

1. Potentially destructive testing of right contact lens;

2. Deposition of Plaintiff Robert Alexander on December 14, 2022;

3. Deposition of Plaintiff's treating provider, Dr. Eric Brooker, on January 6, 2023;

4. Depositions of Plaintiff's treating providers;

5. Initial expert designations;

6. Rebuttal expert designations;

7. Depositions of Initial and Rebuttal Experts.

## IV.   WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED.

This is a complicated and complex product defect case. As referenced above, initially, the limitations related to the COVID 19 pandemic led to some delays and conflicts with counsels' availability/schedule. Nonetheless, good faith efforts were made by both parties to meet the obligations required of all parties.

Once the parties embarked on discovery, they have been able to move this matter forward with the appropriate diligence. As detailed above, significant discovery has been completed including the exchange of initial disclosures, completion of multiple waves of written discovery,

fact and party depositions, securing independent copies of Plaintiffs' medical records, and an out-of-state inspection.

Despite the parties' diligent efforts to obtain medical records from Dr. Eric Brooker and schedule his continued deposition, situations beyond their control impeded the same, including personal dilemmas of Dr. Brooker and a COVID diagnosis by Defendant's counsel. Dr. Brooker's deposition is necessary for the production of expert reports. His deposition is currently scheduled for January 6, 2022.

All counsels have trials taking place in the spring of 2023 but have nonetheless agreed to submit this matter for private mediation in February or March 2023.

If mediation is not successful, the parties' need time to schedule the depositions of Plaintiff's treating physicians and the designated experts.

## V.     PROPOSED SCHEDULE FOR COMPLETING DISCOVERY.

This request for an extension of time is not sought for any improper purpose or other purpose of delay. The parties respectfully submit that this constitutes good cause for the extension. The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| Scheduled Event | Current Deadline | Proposed Deadline | |
|---|---|---|---|
| Discovery Cut Off | April 5, 2023 | July 4, 2023 | If dispositive motions are filed, the deadline |
| Amend Pleadings/Add Parties | January 4, 2023 | April 4, 2023 | for filing the joint pretrial order will be suspended until |
| Initial Expert Disclosures | January 4, 2023 | April 4, 2023 | 30 days after |
| Rebuttal Expert Disclosures | March 8, 2023 | June 6, 2023 | decision on the dispositive |
| Dispositive Motions | May 3, 2023 | August 1, 2023 | motions or further court order. |
| Joint Pre-Trial Order | June 2, 2023 | September 1, 2023 | |

This is the fourth request for extension of time in this matter and no trial date will be impacted by the extension as no such trial date has been set.

///

///

///

///

The parties submit that the reasons set forth above constitute good cause for the requested extension.

Dated this _7th_ day of December, 2022.  Dated this _7th_ day of December, 2022.
PERRY & WESTBROOK                         MAINOR WIRTH, LLP
A Professional Corporation

_/s/ Alan Westbrook_                       _/s/ Ash Marie Blackburn_
ALAN W. WESTBROOK, ESQ.                    ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 6167                        Nevada Bar No. 14712
11500 S. Eastern Avenue, Ste. 140         6018 S. Fort Apache Road, Ste. 150
Henderson, NV 89052                       Las Vegas, NV 89148
_Attorney for Defendant Valley Contax Inc._  _Attorney for Plaintiffs, Sarah Elizabeth Alexander_
                                          _and Robert Roy Alexander_

Dated this _7th_ day of December, 2022.
MESSNER REEVES, LLP

_/s/ Edgar Carranza_
EDGAR CARRANZA, ESQ.
Nevada Bar No. 5902
8945 W. Russell Road, Suite 300
Las Vegas, NV 89148
_Attorney for Defendants, Costco Wholesale_

**IT IS SO ORDERED.**

DATED this ___December 7, 2022___, 2022.

_____
UNITED STATES MAGISTRATE JUDGE